UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

David Black,

    Plaintiff,

v.                                               Case no. 8:25-cv-00383-JLB-CPT

Zenith American Solutions, Inc.,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff David Black's Unopposed Joint Motion to Consolidate Actions, Appoint Interim Class Counsel, and Set Schedule (Doc. 11). Specifically, Plaintiff seeks to consolidate this action with *Rogers v. Zenith American Solutions, Inc.*, Case No. 8:25-cv-00471-JLB-NHA ("Rogers") and *Wylie v. Zenith American Solutions, Inc.*, Case No. 8:25-cv-00523-JLB-NHA ("Wylie") for all purposes, including trial. (*Id.*). After review of the motion, the Court concludes that these cases involve enough common questions of law and fact to permit consolidation under Federal Rule of Civil Procedure 42(a) and Local Rule 1.07(b).

Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate matters presenting common questions of law or fact. In exercising its "considerable discretion" over whether to consolidate multiple cases, the Court must consider: (1) whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and confusion; (2) the burden that multiple

lawsuits present; (3) the amount of time consolidation would save; and (4) the relative expense of consolidating a matter or proceeding on multiple trials. *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quotation omitted). "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against" a defendant. *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (quotation omitted). Ultimately, "[d]istrict judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotation omitted).

After careful consideration, the Court finds that these cases are due to be consolidated for all purposes, including discovery, motion practice, and trial. This lawsuit, Rogers, and Wylie are data breach actions against Defendant Zenith American Solutions, Inc. ("Zenith"). (Doc. 11 at 6; *Rogers*, Doc. 1; *Wylie*, Doc. 1). The lawsuits allege that Zenith failed to prevent a data breach on September 6, 2024, resulting in the compromise of Plaintiffs' personal identifiable information. (Doc. 11 at 2–8; Doc. 1 at ¶¶ 2–8; *Rogers*, Doc. 1 at ¶¶ 2–8; *Wylie*, Doc. 1 at ¶¶ 1–7). Each action brings claims for negligence and negligence per se, breach of implied contract, and breach of fiduciary duty. (Doc. 1 at ¶¶ 116–29, 130–66, 137–49; *Rogers*, Doc. 1 at ¶¶ 115–28, 129–35, 136–48; *Wylie*, Doc. 1 at ¶¶ 125–61, 162–66, 167–77). And this action and *Rogers* bring a declaratory judgment claim. (Doc. 1 at ¶¶ 150–57; *Rogers*, Doc. 1 at ¶¶ 149–56). Accordingly, the cases arise out of a

common question of law or fact.

Additionally, Plaintiff moves to appoint Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Class Co-Lead Counsels. (Doc. 11 at 10–25). "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "When appointing interim lead counsel, courts generally look to the same factors used to determine the adequacy of class counsel under Rule 23(g)(1)(A) . . . ." *Arrington v. Burger King Worldwide, Inc.*, No. 1824128CIVMARTINEZAO, 2019 WL 13063501, at *1 (S.D. Fla. Mar. 21, 2019). Rule 23(g)(1)(A) requires courts to consider "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class actions, other complex litigation, and they types of claims asserted in the action," "counsel's knowledge of the applicable law," and "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The parties do not dispute that each factor is met for Mariya Weekes and Jeff Ostrow. Mariya Weekes and Jeff Ostrow have done extensive work for the class action already. Both investigated the facts of the data breach, interviewed consumers, and researched legal claims. (Doc. 11 at 13). Further, Ms. Weekes wrote the well-organized Complaint in this action (Doc. 1) and Mr. Ostrow wrote a similar, well-organized complaint in *Rogers* (*Rogers*, Doc. 1). Both Ms. Weekes and Mr. Ostrow are also adequately experienced. Ms. Weekes is a former Florida

Circuit Court judge, presiding over thousands of complex cases, and now is a partner at Milberg Coleman Bryson Phillips Grossman, PLLC, representing individuals and entities in class action litigations in federal and state court. (Doc. 11 at 16–17). Likewise, Mr. Ostrow is the Managing Partner at Kopelowitz Ostrow P.A., where he heads the class action litigation division and has experience as counsel in over 200 data breach cases. (*Id.* at 19–22). Moreover, Ms. Weekes and Mr. Ostrow are committed to expending the necessary resources this case requires. (*Id.* at 22).

Thus, Ms. Weekes and Mr. Ostrow have demonstrated that they are well-qualified to advocate for Plaintiffs in the consolidated action.

Accordingly, it is **ORDERED**:

1. Plaintiff's Unopposed Joint Motion to Consolidate Actions, Appoint Interim Class Counsel, and Set Schedule (Doc. 11) is **GRANTED**. The Court consolidates Case Nos. 8:25-cv-00383-JLB-CPT, 8:25-cv-00471-JLB-NHA, and 8:25-cv-00523-JLB-NHA for all purposes.

2. The Court designates this case, Case No. 8:25-cv-00383-JLB-CPT, as the lead case.

3. The parties are **DIRECTED** to submit all future filings utilizing that case number.

4. Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. **SHALL BE DESIGNATED AS CO-LEAD INTERIM COUNSEL**.

5. The Clerk of Court is **DIRECTED** to file a copy of this Order in the consolidated cases, Case Nos. 8:25-cv-00471-JLB-NHA and 8:25-cv-00523-JLB-NHA. The Clerk is further **DIRECTED** to terminate any pending deadlines in Case Nos. 8:25-cv-00471-JLB-NHA and 8:25-cv-00523-JLB-NHA *and* administratively close the file in Case Nos. 2:25-cv-00471-JLB-NHA and 8:25-cv-00523-JLB-NHA.

6. Plaintiff is **DIRECTED** to file an amended consolidated complaint within thirty (30) days of the date of this Order. For all other deadlines, the Court will issue a case management scheduling order in due course.

**ORDERED** in Tampa, Florida, on August 25, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE